UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
                                     :

JOSEPH M. KEHOE,                    :

                            Plaintiff,    :

                                       :

                  v.                  :

                                     :

INTERNATIONAL ALLIANCE OF      :
THEATRICAL STAGE EMPLOYEES,   :
MOVING PICTURE TECHNICIANS,    :
ARTISTS, AND ALLIED CRAFTS OF THE :
UNITED STATES, ITS TERRITORIES AND :
CANADA (IATSE), MATTHEW LOEB,   :
JAMES B. WOOD, MICHAEL BARNES,  :
J. WALTER CAHILL, THOM DAVIS,    :
ANTHONY DEPAULO, DAMIAN PETTI,  :
MICHAEL F. MILLER JR., JOHN T.     :
BECHMAN JR., DANIEL E. DITOLLA,   :
JOHN R. FORD, JOHN M. LEWIS, CRAIG P. :
CARLSON, WILLIAM E. GEARNS JR., AND  ;
PHIL LoCICERO,                  :

                                      :

                    Defendants. :

                                       :
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 13, 2017

15 Civ. 5110 (KPF)

ORDER

KATHERINE POLK FAILLA, District Judge:

      In 2012 and 2013, Plaintiff Joseph M. Kehoe found himself embroiled in

several disciplinary proceedings administered by his union, Local 21 of the

International Association of Theatrical Stage Employees ("IATSE"). In

December 2013, Plaintiff brought a civil action in the United States District

Court for the District of New Jersey against the local and international IATSE

organizations, certain officers in each, outside counsel to the local union, and a

company to which Plaintiff had provided services as a IATSE member. *See*

*Kehoe* v. *Int'l Assoc. of Theatrical Stage Emp. Local 21, et al.*, No. 2:13-cv-

07805-JLL-JBC (D.N.J.) (opened December 23, 2013) (the "D.N.J. Action").
There, Plaintiff raised claims under the Labor-Management Relations Act, 29
U.S.C. §§ 141-197 (the "LMRA"); the Labor-Management Reporting and
Disclosure Act, 29 U.S.C. ch. 11 (the "LMRDA"); and 42 U.S.C. § 1983.  Several
of Plaintiff's claims were dismissed against several of the defendants in orders
issued on January 9, 2014, and February 20, 2015.  (D.N.J. Dkt. #2, 63).  In
an opinion and an order dated May 20, 2016, United States District Judge Jose
L. Linares granted summary judgment in favor of the remaining defendants.
See Kehoe v. Int'l Assoc. of Theatrical Stage Emp. Local 21, et al., No. 2:13-cv-
07805-JLL-JBC, 2016 WL 2944071 (D.N.J. May 20, 2016) ("Kehoe I").  The May
20 order granting summary judgment is now on appeal to the United States
Court of Appeals for the Third Circuit.

　　　　While the D.N.J. Action was pending, Plaintiff brought the instant
lawsuit, naming as Defendants IATSE International, its president, and
individuals the Court understands to comprise the General Executive Board of
IATSE International.  Defendants have moved to dismiss the action, citing
procedural and pleading defects.  Plaintiff opposes the motion and, in the
alternative, seeks leave to file an amended complaint.  In light of Plaintiff's *pro
se* status, the Court denies without prejudice Defendants' motion to dismiss
and grants Plaintiff's application for leave to file an amended complaint.

Plaintiff is cautioned, however, to heed the remainder of this Order, where the Court addresses certain issues with Plaintiff's current pleading.[1]

Federal Rule of Civil Procedure 8 requires, among other things, that a pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Plaintiff's Complaint, however, is terse to the point of being uninformative, containing six counts set out over four pages of text. (*See generally* Complaint ("Compl.," Dkt. #2)). Plaintiff makes reference to certain decisions of IATSE International and its officers in July 2013 and January, February, and March 2014, and attempts to relate those decisions to earlier decisions made by IATSE Local 21, but provides far too little detail concerning either set of events — and, perhaps more importantly, how the conduct of each Defendant named in the Complaint violated any of Plaintiff's rights.[2]

---

[1]   For convenience, the Court will refer to Defendants' Memorandum of Law in Support of Their Motion to Dismiss as "Def. Br." (Dkt. #30), Plaintiff's Memorandum in Opposition as "Pl. Opp." (Dkt. #34), and Defendants' Reply Memorandum of Law as "Def. Reply" (Dkt. #41).

[2]   An example of conclusory pleading that would not satisfy Rule 8 is contained in Count 6:

> Matthew Loeb, by ignoring the Constitution and Bylaws of both IATSE and IATSE Local 21, and by ignoring the applicable Federal Laws cited in this Complaint and by ignoring the charges against the Executive Board of IATSE Local 21 that was sent to him by the Plaintiff informing him of the same as well as of other violations and harassment taken against him by Michael Stas and the Executive Board of Local 21 has directly and purposefully caused the deprivation of the Plaintiffs federally protected rights and privileges thus causing the Plaintiff financial and emotional damages past present and future.

(Compl., Part III.C, Count 6).

3

In his opposition to Defendants' motion to dismiss, Plaintiff seeks leave to amend "if necessary to properly state a claim and correct fatal errors" (Pl. Opp. 9), and makes reference to his *pro se* status (*id.* at 8-9). It is true that the principle that a "court should freely give leave [to amend a pleading] when justice so requires," Fed R. Civ. P. 15(a)(2), is particularly applicable to *pro se* plaintiffs, *see Davis* v. *Goord*, 320 F.3d 346, 352 (2d Cir. 2003). Additionally, the Second Circuit has cautioned that "[a] *pro se* complaint should not be dismissed without the court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis* v. *Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted).

The Court cannot exclude the possibility that Plaintiff can plead a viable cause of action relating to conduct by IATSE International and its General Executive Board, and that is why it is granting leave to amend. That said, the Court harbors a degree of skepticism towards Plaintiff's chances of pleading certain claims. To add flesh to the skeletal allegations in the Complaint, the Court has reviewed a number documents in the D.N.J. Action, including Plaintiff's amended complaint in that action; the motions to dismiss and the district court's orders resolving same; and the motions for summary judgment, the exhibits submitted in connection therewith, and Judge Linares's May 20, 2016 decision. *See generally Kehoe I.* In so doing, the Court has gained deeper understanding of the context for Plaintiff's current claims. It also has amassed a substantial evidentiary record from which it can now observe that many of

4

Defendants' arguments for dismissal have traction, and are certainly not the "mud" or "joke[s]" that Plaintiff derides them to be.  (*See* Pl. Opp. 26).  The Court discusses some of these arguments here, so that Plaintiff will have guidance in amending his complaint.

A preliminary question is whether any claims may be brought against Defendants IATSE International or Matthew Loeb.  These two defendants were named in Plaintiff's complaint and amended complaint in the D.N.J. Action, and were dismissed from the action on February 25, 2015, for (as Plaintiff concedes, *see* Pl. Opp. 12, 14) failure to state a claim.[3]  What Plaintiff appears not to perceive is that these dismissals were *with prejudice*, i.e., they operated as a decision on the merits as to these two Defendants.  *See generally* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ... operates as an adjudication on the merits.").

This fact dovetails with the critical issue of the preclusive effect, if any, to be given the D.N.J. Action.  Plaintiff acknowledges that the "causes of action stem originally from the same *set of incidents*," but maintains that "the causes

---

[3]     *See* D.N.J. Dkt. #63 at 7 n.10:

> On the other hand, Plaintiff's claims against Defendants IATSE International and Loeb are entirely conclusory. The sole allegation in the Amended Complaint against these Defendants is that, on Plaintiff's appeal of the local union's ruling, "Loeb quoted and used evidence not on the record." (Am. Compl. ¶ 40). This sole conclusory allegation is insufficient to state a claim against these Defendants. The Court has previously dismissed Plaintiff's pleadings for failure to state facts related to each Defendant sufficient to state a claim.

of action are not the same and the defendants are not the same." (Pl. Opp. 7 (emphasis in original)). He further explains that the conduct addressed in the instant matter had not occurred at the time he filed the amended complaint in the D.N.J. Action. (*Id.* at 12-13). Defendants counter that Plaintiff's claims in this case are entirely precluded, under a theory of either *res judicata* or collateral estoppel. (Def. Br. 9-14).

A not-insubstantial argument can be made that several of Plaintiff's claims are barred by res judicata. "Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *TechnoMarine SA* v. *Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) (emphasis omitted) (quoting *St. Pierre* v. *Dyer*, 208 F.3d 394, 399 (2d Cir. 2000)); *see generally Marcel Fashions Grp., Inc.* v. *Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 107 (2d Cir. 2015) (discussing claim and issue preclusion). "To prove the affirmative defense[,] a party must show that [i] the previous action involved an adjudication on the merits; [ii] the previous action involved the plaintiffs or those in privity with them; [and] [iii] the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan* v. *N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

Comparing this action to the D.N.J. Action, the Court finds the first two elements to be satisfied; Plaintiff's arguments in opposition focus on the third element. The Second Circuit instructs district courts to resolve the third element by evaluating whether the second suit involves "the same claim — or

6

nucleus of operative facts — as the first suit" as determined by the following three indicia: "[i] whether the underlying facts are related in time, space, origin, or motivation; [ii] whether the underlying facts form a convenient trial unit; and [iii] whether their treatment as a unit conforms to the parties' expectations." *Channer* v. *Dep't of Homeland Sec.*, 527 F.3d 275, 280 (2d Cir. 2008) (internal quotations omitted); *see also Waldman* v. *Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000). Reviewing Plaintiff's allegations within this framework, the Court notes — without finally deciding the issue — that the events underlying Counts 1, 4, 5, and 6 of the instant action would seem to fall within the same nucleus of operative facts as the D.N.J. Action.[4]

A second potential basis of preclusion is collateral estoppel. Collateral estoppel, or "issue preclusion … forecloses 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Schwartz* v. *HSBC Bank USA, N.A.*, 160 F. Supp. 3d 666, 674 (S.D.N.Y. 2016) (quoting *Taylor* v. *Sturgell*, 553 U.S. 880, 892 (2008)). "For collateral estoppel to apply, four elements must be satisfied: '[i] the issues of both proceedings must be identical, [ii] the relevant issues were actually litigated and decided in the prior proceeding, [iii] there must have been full and

---

[4]    By contrast, Counts 2 and 3, involving events that postdate Plaintiff's amended complaint in the D.N.J. Action, would seem not to be subject to claim preclusion. *See Storey* v. *Cello Holdings, L.L.C.*, 347 F.3d 370, 383 (2d Cir. 2003) ("Claims arising subsequent to a prior action need not, and often perhaps could not, have been brought in that prior action; accordingly, they are not barred by res judicata regardless of whether they are premised on facts representing a continuance of the same 'course of conduct.'" (citations omitted)).

fair opportunity for the litigation of the issues in the prior proceeding, and [iv] the issues were necessary to support a valid and final judgment on the merits." *Id.* (internal quotation marks omitted) (quoting *Cent. Hudson Gas & Elec. Corp.* v. *Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995)).[5]

The Court advises Plaintiff that issue preclusion may foreclose him from challenging, in this litigation, issues that were finally decided in the D.N.J. Action. These include, but may not be limited to, Judge Linares's conclusions that the disciplinary sanctions imposed on Plaintiff and/or the process by which these sanctions were imposed (at least at the Local 21 level) did not amount to (i) a generalized violation of Title I of the LMRDA; (ii) improper disciplinary procedures under 29 U.S.C. § 411(a)(5); (iii) an improper infringement of Plaintiff's right to free speech under 29 U.S.C. § 411(a)(2); or (iv) a breach of contract (namely, the Constitution and Bylaws of IATSE) in violation of the LMRDA. *See Kehoe I*, 2016 WL 2944071, at *12-23. As a practical matter, the operation of issue preclusion may limit Plaintiff's claims to the precise acts taken by IATSE International or the individual officers named as Defendants — which only underscores the importance of more detailed pleading of Plaintiff's claims.

---

[5]    Plaintiff also misperceives the significance of the pendency of his appeal to the Third Circuit. (*See* Pl. Opp. 14). As the Supreme Court recently concluded, "a judgment's preclusive effect is generally immediate notwithstanding any appeal." *Coleman* v. *Tollefson*, 135 S. Ct. 1759, 1764 (2015) (citing *Clay* v. *United States*, 537 U.S. 522, 527 (2003) ("Typically, a federal judgment becomes final for … claim preclusion purposes when the district court disassociates itself from the case, leaving nothing to be done at the court of first instance save execution of the judgment")).

The Court declines at this time to weigh in on Defendants' challenges to the merits of Plaintiff's Complaint.  Instead, it seeks only to advise Plaintiff of the various issues that he should consider in his amended pleading. Accordingly, it is ORDERED that Plaintiff file his amended complaint in this action on or before March 15, 2017.  Defendants are further ORDERED to move or otherwise respond to the amended complaint on or before April 17, 2017.  If Defendants file a renewed motion to dismiss, the Court will set a schedule for the remaining briefing.

Defendants' motion to dismiss is DENIED WITHOUT PREJUDICE to its renewal.  The Clerk of Court is directed to terminate the motion at docket entry 29.

SO ORDERED.

Dated:        February 13, 2017
              New York, New York
                                        _____
                                            KATHERINE POLK FAILLA
                                          United States District Judge


*Sent by First Class Mail to:*
Joseph M. Kehoe
34 Comstock Street
New Brunswick, NJ 08901

9